## . ENRIQUEZ *v.* ENRIQUEZ. ·

### APPEAL FROM THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 24. Argued October 31, 1911.—Decided December 4, 1911.

Under § 10 of the act of July 1, 1902, c. 1369, 32 Stat. 695, this court can only review judgments of the Supreme Court of the Philippine Islands where the value in controversy exceeds $25,000; and where only a half interest of property is affected, jurisdiction does not exist unless the value of such half interest exceeds that amount.

An affidavit that the value of the real property involved in the action exceeds $25,000 is not sufficient to confer jurisdiction where only a one-half interest is affected and the context of the affidavit gives rise to the inference that the statements as to value relate to the entire property and not to a half interest therein.

In this case resort to the record shows that the value of the interest in the property affected is less than the jurisdictional amount.

THE facts, which involve the jurisdiction of this court of appeals from the Supreme Court of the Philippine Islands, are stated in the opinion.

*Mr. Jackson H. Ralston,* with whom *Mr. Frederick L. Siddons* and *Mr. Wm. E. Richardson* were on the brief, for appellants.

*Mr. Allison D. Gibbs,* for appellees, submitted.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Rafael Enriquez, as administrator of the estate of his father, Antonio Enriquez, and as his heir, joined by other children and a grandchild of the deceased also suing as heirs, who were plaintiffs below and are appellants here, sued to set aside a purported conveyance of a piece of real estate in the city of Manila made by the deceased to his daughter-in-law, Carmen, the wife of a son Francisco, who were defendants below and are appellees here. The case as ultimately presented to the court of first instance involved two questions: First, whether the assailed conveyance was forged, and if real, whether Antonio had mental capacity to execute it; and, second, if the sale was real and the mental capacity obtained, was one-half the property embraced by the deed beyond the dispositive power of Antonio because such half belonged to the estate of his deceased wife, as an acquet of the community which had existed between husband and wife. The court of first instance held that the sale was real and that there was mental capacity. It, however, decided that one undivided half of the property belonged, not to Antonio, but to his wife in virtue of her community interest, and vested on her death in her heirs. To that extent the sale was set aside and judgment was directed for 13,250 pesos as the gross value of the use of the one undivided half of the property during the time it was unlawfully retained. This sum, however, was held to be reducible by the amount of one-half of the expenditures made for the whole property, including repairs, improvements, etc., and the defendant Carmen Enriquez was ordered to forthwith make a statement of such expenditures for the purpose of an appropriate reduction in the allowance made for rents and profits. The defendants alone appealed.

In disposing of the appeal the Supreme Court said:

"The plaintiffs in this Court have neither assigned as errors the rulings made against them by the lower court nor have they discussed any such rulings in their brief. So much of the decision, therefore, as is adverse to the plaintiffs we cannot consider, and the questions to be resolved are those presented by the appeal of the defendants."

Confining itself, therefore, to the question of the existence of the community the court decided that the court below had erred on that subject, and its judgment was accordingly reversed. The court concluded its opinion as follows:

"The judgment of the court below, which rests solely upon the proposition that at the time of the death of Dona Ciriaca Villanueva one-half of this property passed to her heirs, cannot, therefore, be sustained. That judgment is reversed, without costs to either party in this court, and judgment is entered acquitting the defendants of the complaint, with the costs of the first instance against the plaintiffs."

This appeal was prosecuted. The assignments of error are solely directed to the conclusion of the court below concerning the non-existence of the community interest, and the grounds of complaint on this subject have been elaborately pressed at bar, both orally and in printed argument. We are of opinion, however, that we may not consider the subject, as we conclude that a motion made to dismiss the appeal on the ground of the absence of the requisite jurisdictional amount must prevail.

The act of July 1, 1902, c. 1369, § 10, 32 Stat. 695, authorizes us to review judgments or decrees of the Supreme Court of the Philippine Islands "in causes in which the value in controversy exceeds twenty-five thousand dollars, or in which the title or possession of real estate exceeding in value the sum of twenty-five thousand dollars, to be ascertained by the oath of either party or of other

competent witnesses, is involved or brought in ques-
tion;   .   .   ."

Evidently, in consequence of these requirements of the
statute, there was filed with the assignments of error in
the court below an affidavit of Rafael Enriquez, stating
in general terms "that the real property, the title to and
possession of which is involved therein (in the action), ex-
ceeds in value the sum of twenty-five thousand dollars
gold coin of the United States." But even if the sum thus
stated were to be accepted for the purpose of testing the
existence of the requisite jurisdictional amount, the affi-
davit would be inadequate, since its context clearly gives
rise to the inference that the sum stated is not the value of
the undivided one-half of the property in controversy,
but the value of the entire property. But even if it be
conceded that the deficiency of the affidavit may be sup-
plied by a resort to the record, we are of opinion that the
record establishes that the essential jurisdictional amount
does not exist. True, the complaint and amended com-
plaint state amounts from which, if considered alone, it
might be possible to conjecture that the jurisdictional
amount existed. These pleadings seem, however, not to
have been verified, and if they had been their effect would
be neutralized by other parts of the record. In the first
place, the consideration expressed for the sale made by
Antonio Enriquez of the entire property was only eight
thousand pesos, and while the amended complaint, in
assailing the conveyance, alleged the actual value of the
property to have been twenty thousand pesos, the trial
court, from the evidence, found that the real value of the
property at the time of the sale was fourteen thousand
pesos; that is, seven thousand dollars currency of the
United States. In the second place, that the rents and
profits were greatly exaggerated in the complaint and
amended complaint is shown by the fact that only 13,250
pesos was allowed by the court as the value of the use of

one-half of the property while wrongfully withheld, and
this amount was subject to be reduced by charging against
it the one-half cost of administering the property, includ-
ing disbursements for repairs, improvements, etc., during
such period.  In other words, whether we look at the affi-
davit alone or whether we consider the record as a whole,
we think it is demonstrated not only that there is a failure
to establish that the requisite jurisdictional amount exists,
but moreover it affirmatively appears that such amount
is not involved.

*Dismissed for want of jurisdiction.*