*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0060p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

BENJAMIN FRANK RAMSEY; WILLIAM BOYD;
GERALD ECKEL; ELZIE HALSEY; LUCIAN JOHNSON;
BRUCE MAYBRIAR, on behalf of themselves and all
members of the putative class,
　　　　　　　　　　*Plaintiffs-Appellants,*

　　　　*v.*

FORMICA CORPORATION; SCOTT A. SMITH; EDWARD
R. CASE; EARL M. BENNETT; FRANK A. RIDDICK, III,
　　　　　　　　　　*Defendants-Appellees.*

No. 04-3464

>

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 04-00149—Sandra S. Beckwith, Chief District Judge.

Argued: November 4, 2004

Decided and Filed: February 9, 2005

Before: MARTIN and BATCHELDER, Circuit Judges; O'MEARA, District Judge.[*]

———————

## COUNSEL

**ARGUED:** Marc D. Mezibov, MEZIBOV & JENKINS, Cincinnati, Ohio, for Appellants. Jack F. Fuchs, THOMPSON HINE, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Marc D. Mezibov, Christian A. Jenkins, MEZIBOV & JENKINS, Cincinnati, Ohio, for Appellants. Jack F. Fuchs, THOMPSON HINE, Cincinnati, Ohio, for Appellee.

———————

## OPINION

———————

BOYCE F. MARTIN, JR., Circuit Judge. The issue in this case is whether the temporary restraining order requested by plaintiffs is an authorized form of relief under the Employee Retirement Income Security Act. Plaintiffs and putative class members are former employees of Formica Corporation and participants in Formica's benefit pension plan who received overpayments of benefits each month for between eight and seventeen years. After an audit revealed the

———

[*] The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

overpayments, Formica began issuing reduced payments to reflect a more accurate accounting. Plaintiffs brought this action alleging violation of state laws and the Employee Retirement Income Security Act. They also filed a motion, which is the subject of this appeal, for the court to restrain Formica temporarily from reducing their monthly benefit payments. The district court denied the motion, concluding that plaintiffs' state law claims are preempted by the Employee Retirement Income Security Act, and that plaintiffs' requested remedy, which the court found to be monetary damages rather than equitable relief, was not authorized by the Act. Our decision in this case depends entirely on whether we agree with the district court's conclusion that the requested relief is legal, not equitable, and therefore is not authorized by the Act.

I.

A 2003 audit of Formica's pension plan found that 440 of the 624 retirees in its defined pension plan dating from 1985 were receiving incorrect benefits. In January of 2004, Formica, which is emerging from Chapter 11 bankruptcy reorganization, found that 295 retirees received overpayments totaling about $1 million and another 145 retirees had been underpaid a total of about $500,000. Formica entered into a Voluntary Compliance Program with the Internal Revenue Service and began correcting the benefit payment mistakes.

While Formica made up the underpaid amounts, it also reduced the payments of those who were overpaid, and it has indicated that it may have to recover the overpayments. Although Formica is still working on a strategy in an administrative process to resolve the pension plan errors, the company went ahead and paid reduced monthly benefits to the overpaid retirees, beginning in January of 2004. Plaintiffs, who average seventy years of age, are six retirees and putative class members who were overpaid. Plaintiffs' monthly payments were reduced, depending on the individual, by as little as a few cents or as much as $150.

Plaintiffs bought into Formica's retirement plan as a result of Formica's early retirement solicitations. At various times since 1985, Formica solicited substantial groups of employees to take early retirement and presented each employee with proposed early retirement kits. The kits included pre-prepared documents describing the incentive for early retirement as well as individualized estimates detailing what the specific retiree could expect in benefits each month. Based on these documents, plaintiffs chose to retire early. For between eight and seventeen years, depending on the individual, plaintiffs received monthly benefit checks in the amounts that were represented to them by Formica's early retirement solicitation.

To maintain their monthly payments notwithstanding the audit findings, plaintiffs filed an action in state court alleging claims of negligent misrepresentation and promissory estoppel. Contemporaneously, plaintiffs filed a motion for a temporary restraining order to enjoin Formica from reducing its monthly benefit payments. The same day, Formica filed a notice of removal, arguing that plaintiffs' complaint stated claims under the Employee Retirement Income Security Act for breach of fiduciary duty. The district court accepted jurisdiction pursuant to 29 U.S.C. §1132(a)(3), and held a conference that afternoon to establish a briefing schedule and a hearing date for oral argument with regard to plaintiffs' motion for a temporary restraining order. The next day, Formica amended its notice of removal to argue that plaintiffs seek "to recover pension benefits" and, therefore, that plaintiffs' state law claims are entirely preempted by the Act. Plaintiffs then amended their complaint to add claims for breach of fiduciary duty and equitable relief under the Act and to name as additional defendants the fiduciaries of Formica's Employee Retirement Plan.

As was made clear through expedited discovery and oral argument, plaintiffs asked the court to maintain the status quo by prohibiting the issuance of reduced monthly benefit checks during the pendency of the administrative process in which Formica is currently working out a strategy to correct its errors. When questioned by the district court at oral argument regarding how the former

payments could continue to be made, given the understanding by all parties that the pension plan was under no obligation to continue to disburse overpayments of retirement benefits, plaintiffs suggested that Formica, rather than the pension plan, could make up the difference between the amount that the pension plan owed and the amount that Formica represented each plaintiff would receive. The district court found that plaintiffs' state law claims were entirely preempted by the Employee Retirement Income Security Act, and the type of relief that plaintiffs sought was not available under the Act. Therefore, the court denied the motion for a temporary restraining order.

We now consider whether plaintiffs' substantive claims are preempted by the Employee Retirement Income Security Act, and, if so, whether the Act provides the requested relief.

## II.

We review a district court's denial of a preliminary injunction for abuse of discretion. *See Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). We will hold that the district court erred only if it incorrectly applied the law, or relied on clearly erroneous findings of fact. *Id.* (citing *Christian Schmidt Brewing Co. v. G. Heilman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir. 1985)). Thus, we review the district court's conclusions of law de novo and its findings of fact for clear error. *Golden*, 73 F.3d at 653 (citing *Performance Unlimited v. Questar Publishers Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995)). Questions of preemption and available relief under the Employee Retirement Income Security Act are questions of law subject to de novo review. *See Waxman v. Luna*, 881 F.2d 237, 240 (6th Cir. 1989) (holding that when the trial court applies statutory law to the facts, the holding becomes a conclusion of law reversible under the de novo standard).

## III.

A.        Employee Retirement Income Security Act Preemption

The first question is whether plaintiffs' claims are preempted by the Employee Retirement Income Security Act. The relevant preemption clause states that the Act "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has interpreted this clause to preempt state law claims that would allow employee benefit plan beneficiaries to "obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Such an interpretation is necessary, according to the Court, to give effect to Congress's intent "that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Id.* at 52. We have recognized the broad sweep of the Act's preemption provision in relation to state law claims based upon an improper denial of benefits, noting that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

The parties concede that Formica's pension plan is governed by the Act. Thus, to determine whether plaintiffs' state law claims are preempted, we must determine whether the claims "relate to" Formica's pension plan. To do that, we consider the kind of relief that plaintiffs' seek, and its relation to the pension plan.

Plaintiffs claim that "[n]othing about this claim or the remedy sought impacts, or in any way effects [sic], an employee benefit plan[,] for the claim lies solely against Formica for the value of forgone employment." Plaintiffs emphasize that because they would be satisfied with payment of the overpayment/reduced payment differential from Formica, rather than the pension plan, then the Act is not implicated and preemption is unwarranted. Plaintiffs' argument is made clear by the following exchange:

| | |
|---|---|
| THE COURT: | Okay. Correct me if I'm wrong. What I'm hearing from you is what your people want is status quo ante, before there was a cut in the checks, and you don't really care where that difference comes from, whether it is out of the pension plan's pot of money or the corporation chips in— |
| [COUNSEL]: | No. |
| THE COURT: | —pending the administrative resolution. |
| [COUNSEL]: | That's true, we don't care where it comes from. We care how much money they have in their pockets at the end of the month. That's what we care about. |

Even so, it is clear that all of plaintiffs' state law claims stem from the actions of Formica in the processing of their benefit payments. Furthermore, the amount that Formica would owe, assuming relief is granted, is a function of how much the pension plan pays to each plaintiff. It is also well-established that such state law tort claims are preempted by the Act. *See Pilot Life Ins. Co.*, 481 U.S. at 57 (state law bad-faith claim preempted); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995) (finding state-law claims for wrongful death, improper denial of benefits, medical malpractice, and insurance bad faith were preempted because defendants "were determining what benefits were available to [plaintiff] under the plan"); *Cromwell*, 944 F.2d at 1276 (holding state-law claims of promissory estoppel, breach of contract, negligent misrepresentation, and breach of good faith based on denial of benefits "are at the very heart of issues within the scope of ERISA's exclusive regulation"). Thus, plaintiffs' state law claims necessarily relate to Formica's pension plan. The district court correctly found that the claims are preempted.

B.     Availability of Requested Relief

Upon affirming the district court's finding of preemption, we now consider plaintiffs' request for a temporary restraining order in light of the Employee Retirement Income Security Act. As discussed below, we conclude that the requested relief is not available under the Act and, therefore, the district court properly denied the motion.

Plaintiffs seek injunctive relief under 29 U.S.C. § 1132(a)(3), which provides:

A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

The Supreme Court has construed the phrase "appropriate equitable relief" narrowly, noting that such equitable relief is limited to redressing violations or enforcing provisions of the Act or a plan governed by the Act. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253-54 (1993). The Court has eschewed a compensatory monetary award as an available remedy and held that the equitable relief referenced in the Act is limited to those "categories of relief that were typically available in equity." *Id.* at 256. The Act does not provide a cause of action for legal actions for monetary damages disguised as suits in equity. *Great-West Life*, 534 U.S. at 215-16.

Here, plaintiffs request a restraining order; ordinarily, this is a form of equitable relief. However, plaintiffs asks the Court to direct Formica, or its pension plan, to pay monies, which are not owed, for an uncertain duration. As Formica argues, this is "the kind of dollar amount that doesn't lend itself to injunctive relief. It lends itself appropriately for claims of relief if you prevail." This form of relief is not authorized under the Act. Therefore, the district court correctly denied plaintiffs' motion.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.