CHROMA STUDIOS, INC., Appellant,

v.

COMMUNITY MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Chroma Studios, Inc. v. Community Mut. Ins. Co.* (1993), 91 Ohio App.3d 422.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–669.

Decided Nov. 4, 1993.

*Brett Jaffe,* for appellant.

*Judy L. Pershon; Vorys, Sater, Seymour & Pease* and *Tony C. Merry,* for appellee.

CLOSE, Judge.

Plaintiff-appellant, Chroma Studios, Inc., appeals from the judgment of the Franklin County Court of Common Pleas dismissing its claims against defendant-appellee, Community Mutual Insurance Company ("CMIC"), on grounds of federal preemption.

It is undisputed that appellant has an employee benefit plan which is subject to the Employee Retirement Income Security Act ("ERISA"). Appellant brought a state law cause of action on the underlying insurance policy. Appellant, as employer and party to the insurance contract, sought a declaratory judgment as to whether the underlying policy was still in existence by virtue of a course of dealing established between the parties.

Appellant claims that it had historically paid premiums late, and appellee had historically honored the payments. In March 1991, appellant tendered payment for January and February 1991. Appellee refused to accept the premium payments and informed appellant that the group health insurance contract was canceled effective January 1991. Appellant further alleges that substantial medical expenses were incurred by its employees during that time period. Appellant claims that appellee's "unilateral termination of the contract and consequent failure to pay medical claims filed by [appellant's] employees constituted a breach of contract, for which [appellee] is liable under Ohio law."

The trial court granted appellee's motion to dismiss upon finding the state law breach of contract claim to be preempted by ERISA. Upon appeal, appellant raises the following assignment of error:

"The Court below erred as a matter of fact and as a matter of law in dismissing the Complaint of Chroma finding that a common law breach of contract claim against an insurer is pre-empted by ERISA."

"A. Pre-emption of state law under ERISA is not applicable where an employer/policy holder maintains an action for breach of contract against its insurance company and where there is no beneficiary seeking a determination of benefits or duties under the employee benefit plan itself.

"B. Pre-emption of state laws by ERISA is not applicable where the state law does not directly relate to the employee benefit plan, but rather regulates insurance and insurance contracts in general."

Appellant asserts that its breach of contract claim is not within the scope of ERISA's preemption provision in Section 1144(b)(2), Title 29, U.S.Code and that, even if it were, its state law claim is "saved" from preemption under Section 1144(b)(2), Title 29, U.S.Code. This argument is premised on the fact that appellant, as employer, is not a "beneficiary" or "participant" attempting to recover benefits or establish rights or duties under the employee benefit plan, which is expressly governed by ERISA. As further support, appellant has attempted to distinguish the plan from the underlying insurance contract upon which it brought this action.

■ The preemption clause, Section 1144(a), Title 29, U.S.Code provides that ERISA supersedes all state laws insofar as they *"relate to* any employee benefit plan." (Emphasis added.) The United States Supreme Court has noted the "expansive sweep" of this provision (see *Pilot Life Ins. Co. v. DeDeaux* [1987], 481 U.S. 41, 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39, 43) and has given "[t]he phrase 'relate to' * * * its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a *connection with* or *reference to* such a plan.'" (Emphasis added.) *Metro. Life Ins. Co. v. Massachusetts* (1985), 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728, 739; *Shaw v. Delta Air Lines, Inc.* (1983), 463 U.S. 85, 96–100, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490, 500–502. Furthermore, "the pre-emption clause is not limited to 'state laws specifically designed to affect employee benefit plans.'" *Shaw v. Delta Air Lines,* at 98, 103 S.Ct. at 2900, 77 L.Ed.2d at 501; *Pilot Life,* at 48, 107 S.Ct. at 1553, 95 L.Ed.2d at 48. Only state law claims whose effect on employee benefits plans is merely tenuous, remote or peripheral are not preempted by ERISA. *Cromwell v. Equicor–Equitable HCA Corp.* (C.A.6, 1991), 944 F.2d 1272, 1276; *Van Camp v. AT & T Information Sys.* (C.A.6, 1992), 963 F.2d 119, 122; *Shaw v. Delta Air Lines,* at 100, 103 S.Ct. at 2901, 77 L.Ed.2d at 502, fn. 21.

■ Appellant argues that this declaratory judgment action merely seeks declaration that its group health insurance contract is still in existence. Appellant claims that this action does not alter or affect the relationship already established in the contract. This breach of contract claim, however, is not so

remote and tenuous from the plan to render it unrelated. The group insurance policy is the basis of the employee benefit plan and disposition of the merits of appellant's breach of contract claim essentially determines the beneficiaries' (employees') entitlement to benefits under the plan.

In addition, conflict between state and federal law appears to be inevitable if appellant's argument is adopted. If employers are permitted to bring state law claims based upon the insurance policy and adjudicated pursuant to state law, any claim for benefits brought by employees would necessarily also involve the underlying insurance policy, but would be governed by different, perhaps conflicting, standards under federal law. One rationale for the broad application of the preemption clause is to avoid conflicting state rules on ERISA-related matters. *Internatl. Resources, Inc. v. New York Life Ins. Co.* (C.A.6, 1991), 950 F.2d 294, 299, citing *Ingersoll–Rand Co. v. McClendon* (1991), 498 U.S. 133, 141, 111 S.Ct. 478, 484, 112 L.Ed.2d 474, 485; *FMC Corp. v. Holliday* (1990), 498 U.S. 52, 58, 111 S.Ct. 403, 408, 112 L.Ed.2d 356, 364.

We conclude, therefore, that appellant's state law claim relates to the plan even though appellant did not bring this action as a "beneficiary," "participant" or "fiduciary." This is in accord with *Internatl. Resources* which we find persuasive. In *Internatl. Resources,* the employer and its president brought a declaratory judgment action against the insurer alleging breach of contract for a proposed cancellation of a group health policy. In noting the broad, expansive reach of the preemption provision, the court in *Internatl. Resources* concluded that the employer's state law claims "related to" the plan and fell within the ERISA preemption. *Id.* at 298–299.

Other attempts to distinguish state law claims from the employee benefit plan have been rejected. In *Ingersoll–Rand,* 498 U.S. at 133, 111 S.Ct. at 480, 112 L.Ed.2d at 480, the Supreme Court held that ERISA actions are not limited to those seeking benefits and "the fact that a particular plaintiff is not seeking recovery of * * * benefits is no answer to a pre-emption argument." The critical inquiry is whether the claim "relates to" the plan. As this has been given a broad construction, appellant's breach of contract claim is preempted under Section 1144(a), Title 29, U.S.Code.

ERISA's saving clause, Section 1144(b)(2)(A), Title 29, U.S.Code, excepts from preemption any state law that "regulates insurance." The court in *McMahan v. New England Mut. Life Ins. Co.* (C.A.6, 1989), 888 F.2d 426, sets forth the test for determining when the saving clause applies:

" * * * [W]e must consider whether the applicable state law: (1) has the effect of transferring or spreading policy-holders' risk; (2) constitutes an integral part of the policy relationship between the insurer and the insured; *and* (3) is limited

to entities within the insurance industry. \* \* \* " (Emphasis added.) *Id.* at 429. (See, also, *Pilot Life,* 481 U.S. at 48–49, 107 S.Ct. at 1553–1554, 95 L.Ed.2d at 48–49.)

In order to be excepted from preemption under the savings clause, all three requirements must be met. As the court found in *Internatl. Resources,* the common law of contracts, even as applied to insurance policies, "merely states a rule of general applicability, rather than a rule speicifically [*sic* ] directed toward the insurance industry and to insurance policy matters." *Id.,* 950 F.2d at 299. Appellant's state law claim, therefore, does not satisfy the third prong of the test and is not "saved" under Section 1144(b)(2)(A), Title 29, U.S.Code.

Appellant further alleges that, if its claim is in fact preempted, as we have just held, then it is effectively denied any remedy as there is no forum available for it to bring this claim. There is no provision under ERISA enabling employers to bring suits unless the employer is a "fiduciary," and under that circumstance, jurisdiction is exclusively federal. Under Section 1132, Title 29, U.S.Code, only "beneficiaries" or "participants" may bring suit in state or federal courts to recover benefits or determine rights. As this case stems from appellee's denial of medical claims brought by appellant's employees, those truly in need of a remedy (the employees) may bring this action in their own right. Appellant's declaratory judgment action regarding the underlying insurance policy is, in effect, ultimately an attempt to recover benefits for its employees. We cannot say, therefore, that dismissal of appellant's action constitutes a denial of all remedy.

For the above reasons, appellant's assignment of error is overruled.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and REILLY, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.