**REBOUND, INC. d/b/a Cane Creek Rehabilitation Complex**

v.

**EQUICOR/CIGNA, et al.**

No. 3–94–1130.

United States District Court, M.D. Tennessee, Nashville Division.

April 24, 1995.

Jean Louise Byassee, Dobbins & Venick, Nashville, TN, for plaintiff.

Robert Jan Jennings, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN, for defendants.

## MEMORANDUM

HIGGINS, District Judge.

The Court has before it the defendants' motion (filed March 31, 1995; Docket Entry No. 18) to dismiss and their memorandum (filed March 31, 1995; Docket Entry No. 19) in support, as well as the plaintiff's response (filed April 13, 1995; Docket Entry Nos. 22 and 23).

The Court has jurisdiction pursuant to 29 U.S.C. § 1132.

For the reasons set forth below, the Court shall grant the defendants' motion to dismiss.

### I.

The chronology of events leading up to this action and its procedural history are set forth in the Court's previous memorandum (entered March 8, 1995; Docket Entry No. 13) and need not be reiterated here. Pursuant to the Court's order (entered March 8, 1995; Docket Entry No. 14), the state law claims of

the plaintiff, Rebound, Inc., were dismissed as preempted by the Employer Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a), and the plaintiff's motion to remand was denied. *See* memorandum (Docket Entry No. 13) at 4–6. In addition, the Court granted the plaintiff twenty (20) days within which to file a first amended complaint in order to establish its proper standing and assert its claims under ERISA. *Id.* at 7; order (entered March 8, 1995; Docket Entry No. 14).

In its amended complaint (filed March 27, 1995; Docket Entry No. 17), the plaintiff asserts a claim for the payment of medical benefits by the defendants under the employee welfare benefit plan covering Tommy Toliver. More specifically, the plaintiff contends that the defendants induced Rebound to admit Mr. Toliver as a patient to the Cane Creek facility by making representations that Mr. Toliver's health care expenses would be paid for by his health insurance carrier. Amended complaint ¶ 5. The plaintiff further alleges that it is entitled to the benefits of an employer-sponsored employee welfare plan because Mr. Toliver assigned his benefits to Rebound. *Id.* ¶ 7.

## II.

### A. Summary judgment

■ The Federal Rules of Civil Procedure 12(b)(6) provides for dismissal of an action due to the plaintiff's failure to state a claim upon which relief may be granted. Rule 12(b) also provides that

[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Because matters outside the pleading have been presented to and considered by the Court, the defendants' motion is treated as a motion for summary judgment under Rule 56.

■ As provided by Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). In its consideration of the evidence, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. *Davidson & Jones Dev. Co. v. Elmore Dev. Co.,* 921 F.2d 1343, 1349 (6th Cir.1991).

■ In order to prevail on a summary judgment motion, the moving party bears the burden of proving the absence of a genuine issue of material fact concerning an essential element of the opposing party's action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); *Davidson & Jones Dev. Co.,* 921 F.2d at 1349; *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). A dispute about the material fact must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[1] *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12. As noted by the United States Court of Appeals for the Sixth Circuit, "a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *J.C. Bradford & Co.,* 886 F.2d at 1478.

---

1. The Supreme Court further explained that a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law." *Liberty Lobby,* 477 U.S. at 251–52, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

■ Once a motion for summary judgment has been made, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." *Davidson & Jones Dev. Co.,* 921 F.2d at 1349. The non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Cloverdale Equip. Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989). While the disputed issue does not have to be resolved conclusively in favor of the non-moving party to defeat summary judgment, "sufficient evidence supporting the claimed factual dispute" must be shown, thereby requiring resolution of the parties' differing versions of the truth by a jury or judge. *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212; *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569, 592 (1968).

### B. Plaintiff's standing

■ Federal law provides that a civil action may be brought by a participant or beneficiary of an employee benefit plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 1132(a) of ERISA also authorizes a participant, beneficiary or fiduciary "to obtain other appropriate equitable relief" in order to enforce the statutory provisions or terms of the plan. 29 U.S.C. § 1132(a)(3)(B).[2]

Noting the absence in ERISA of any reference to a congressional intent to create a private right of action for the recovery of

extracontractual damages, the United States Supreme Court concluded that in enacting the provision concerning breach of fiduciary duty, 29 U.S.C. § 1109(a), Congress "did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims." *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96, 107 (1985). The Supreme Court expressly declined consideration of whether any other ERISA provision authorizes recovery of extracontractual damages. *Id.* at 139 n. 5, 105 S.Ct. at 3088 n. 5, 87 L.Ed.2d at 101 n. 5.

Since the *Russell* holding, a number of courts have concluded that extracontractual compensatory damages are also not recoverable under section 502(a) of ERISA. *See, e.g., Harsch v. Eisenberg,* 956 F.2d 651, 655–56 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992); *United Steelworkers v. Connors Steel Co.,* 855 F.2d 1499, 1509 (11th Cir.1988), *cert. denied,* 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 935 (1989); *Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 824–25 (1st Cir.), *cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Sokol v. Bernstein,* 803 F.2d 532, 534–35 (9th Cir.1986); *Hancock v. Montgomery Ward Long Term Disability Trust,* 787 F.2d 1302, 1306–07 (9th Cir.1986); *Powell v. Chesapeake & Potomac Tel. Co.,* 780 F.2d 419, 424 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *Richards v. General Motors Corp.,* 850 F.Supp. 1325, 1332 (E.D.Mich.1994); *Bouteiller v. Vulcan Iron Works, Inc.,* 834 F.Supp. 207, 213 (E.D.Mich.1993). *See also Cummings v. Thomas Indus., Inc.,* 812 F.Supp. 99, 103 (W.D.Ky.1993) (ERISA plaintiff limited to contractual damages).

The Sixth Circuit has not definitively answered the question of whether extracontrac-

---

2. While the plaintiff's amended complaint did not designate this particular ERISA provision, the plaintiff has made a motion (filed April 12, 1995; Docket Entry No. 20) to amend its complaint in order to provide clarification that the defendants are alleged to have violated section

1132(a)(3)(B). *See* plaintiff's memorandum (filed April 12, 1995; Docket Entry No. 21) at 1.

Because the Court shall grant the defendants' motion to dismiss as a result of the plaintiff's lack of standing, however, this motion is deemed moot.

tual damages other than punitive damages[3] are recoverable pursuant to 29 U.S.C. § 1132(a), although the Court has stated in dicta that "[t]here can be no extracontractual recovery in the context of an ERISA plan." *Davis v. Kentucky Fin. Cos. Retirement Plan,* 887 F.2d 689, 696 (6th Cir.1989), *cert. denied,* 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990). The Court notes that the statutory language specifies that a civil action may be brought in order to recover "benefits due to him *under the terms of the plan,*" or to enforce or clarify rights *"under the terms of the plan,"* 29 U.S.C. § 1132(a)(1)(B) (emphasis added), which indicates that such recovery is limited to the benefits or rights set forth in the employee benefits contract. This interpretation is supported by the Supreme Court's reasoning in *Russell,* 473 U.S. at 144–48, 105 S.Ct. at 3091–93, 87 L.Ed.2d at 105–07, as well as the Sixth Circuit's conclusion that "the clear terms of a written employee benefit plan may not be modified or superseded by oral undertakings on the part of the employer." *Musto v. American Gen. Corp.,* 861 F.2d 897, 910 (6th Cir.1988), *cert. denied,* 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989).

In addition, the Sixth Circuit has recognized the holdings of other courts of appeals that "extracontractual compensatory damages are not recoverable" under section 502(a)(3) of ERISA without questioning or criticizing this conclusion. *Warren v. Society Nat'l Bank,* 905 F.2d 975, 979 (6th Cir.1990), *cert. denied,* 500 U.S. 952, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991).[4] While the Sixth Circuit

has determined that a fiduciary may be liable to a plan participant for breach of fiduciary duty, such liability exists "only if material misrepresentations in violation of 29 U.S.C. § 1104[5] are proven."[6] *Berlin v. Michigan Bell Tel. Co.,* 858 F.2d 1154, 1164 (6th Cir. 1988). The Court explained that "a fiduciary may not materially mislead those to whom the duties of loyalty and prudence described in 29 U.S.C. § 1104 are owed." *Id.* at 1163.

### III.

■ It is well-established that if a health care provider has received a valid assignment of a participant's benefits, it may assert an ERISA claim as a "beneficiary" of that plan. *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1277 (6th Cir.1991). The plaintiff has submitted a copy of the assignment of benefits to the Cane Creek Center with regard to Mr. Toliver. *See* plaintiff's memorandum (Docket Entry No. 23), attachment. Therefore, the plaintiff would have standing to sue under ERISA for Mr. Toliver's benefits "[i]f the assignment of benefits did actually convey rights under the plan." *Cromwell,* 944 F.2d at 1277.

■ The defendants have submitted the affidavit of Josie Soltis, as well as a letter dated November 5, 1993, which she wrote to the Cane Creek Center, both indicating that Mr. Toliver's lifetime maximum benefits had been exhausted. *See* defendants' opposition (filed February 13, 1995; Docket Entry No. 11), attachments. In response, the plaintiff has failed to rebut this evidence or demon-

---

3. In *Varhola v. Doe,* 820 F.2d 809, 817 (6th Cir.1987), the Sixth Circuit held that punitive damages are not recoverable under section 502(a)(3) of ERISA.

4. In *Warren,* the Sixth Circuit held that the statutory language of "other appropriate equitable relief" in section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), includes the provision of monetary damages. 905 F.2d at 980–81. It is worth noting, however, that such a remedy was within the context of a fiduciary's breach of a contractual duty to the plan participant.

5. This provision of ERISA governs fiduciary duties and sets forth the following obligations to plan participants:

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
(A) for the exclusive purpose of:
(i) providing benefits to participants and their beneficiaries;
(ii) defraying reasonable expenses of administering the plan;
(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims....
29 U.S.C. § 1104(a)(1).

6. The Sixth Circuit did not specify the applicable statutory provision under which such a claim could be made, however.

strate in any other way that Mr. Toliver's assignment of benefits conveyed any rights to Rebound, thereby proving that the plaintiff has standing to bring an ERISA action.

Because there is no evidence before the Court to the contrary, the Court concludes that Mr. Toliver's benefits were exhausted and therefore he had been paid all benefits to which he was contractually entitled at the time he was admitted to the Cane Creek Center. *See, e.g., Russell,* 473 U.S. at 136, 105 S.Ct. at 3087, 87 L.Ed.2d at 100. As a result, Mr. Toliver had no benefits under his employee health plan which he could legitimately assign to the plaintiff and, therefore, no rights were conveyed at the time the assignment occurred. The defendants had no fiduciary duty under Mr. Toliver's employee health plan to pay for his care and, therefore, could not have breached this duty by refusing to pay for the expenses incurred by him.

In addition, there is no evidence before the Court that the defendants engaged in any conduct which would support an ERISA claim for breach of fiduciary duty based upon misrepresentation. *See Berlin,* 858 F.2d at 1163. The plaintiff has not alleged that the defendants made any misrepresentations to Mr. Toliver regarding the terms of the ERISA plan, materially misled him with regard to the maximum lifetime benefits available under his ERISA plan or any other aspect of the plan, or failed to communicate any material facts to him. *Id.* Rather, the alleged misrepresentations were made only to Rebound's agents.[7] Amended complaint ¶ 5. Thus, the plaintiff can not step into the shoes of Mr. Toliver and pose this misrepresentation claim. Therefore, Rebound has no standing to bring this action.

## IV.

In summary, even construing all facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, the evidence before the Court indicates that Mr. Toliver's maximum lifetime benefits under his ERISA plan were exhausted at the time he was admitted to the Cane Creek Center. Therefore, Mr. Toliver had no right to any benefits and the plaintiff can not claim such benefits in his stead. Likewise, there is no evidence that the defendants materially misled Mr. Toliver, thereby violating their fiduciary duties, and, therefore, the plaintiff can not legitimately pose a misrepresentation claim under ERISA.

In essence, the plaintiff's claim against the defendants is a state common law tort claim based on fraud or negligence which seeks "the recovery of an ERISA plan benefit" and is therefore preempted. *Cromwell,* 944 F.2d at 1276. As aptly noted by the Sixth Circuit, absent any legal duty between the plaintiff, defendants and patient, ERISA negates the plaintiff's attempt to make the defendants and the plan "an after-the-fact insurer" of the patient's private debt.[8] *Id.* at 1276 n. 3. As was the case in *Cromwell,* the Court's finding that the plaintiff lacks standing to bring an ERISA claim does not invalidate its previous determination that Rebound's state law claims are preempted. *Id.* at 1278.

Because the plaintiff has failed to establish its proper standing and state a claim pursuant to ERISA, the Court shall grant the defendants' motion to dismiss, treating it as a motion for summary judgment.

---

7. Even if the defendants materially misled Rebound with regard to Mr. Toliver's benefits, they owed no duties of loyalty and prudence to Rebound at that time because the plaintiff was not a plan participant or beneficiary.

8. The Court notes that the plaintiff had the recourse of seeking compensation for the services it provided directly from Mr. Toliver but sued the defendants instead, perhaps because their pockets are deeper.