CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and Howard McDougall, Plaintiffs–Appellants,

v.

MAHONING NATIONAL BANK; Jeffrey Feldman; Sheldon Feldman; and Benjamin Reiff, Defendants–Appellees.

No. 96–3099.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1997.

Decided April 29, 1997.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

L. Stewart Hastings, Hastings & Kerka, Cleveland, OH, David A. Sawyer (argued), David Machnacki (briefed), Law Office of Russell N. Luplow, Birmingham, MI, for plaintiffs–appellants.

Thomas M. Gacse (argued and briefed), Mahoning Nat. Bank of Youngstown, Youngstown, OH, Richard G. Smolev (argued and briefed), Craig T. Boggs, Sachoff & Weaver, Chicago, IL, Stuart A. Strasfeld, Roth, Blair, Roberts, Strasfeld & Logde, Youngstown, OH, for defendants–appellees.

Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*

BATCHELDER, Circuit Judge.

Plaintiffs/Appellants appeal the order of the district court dismissing this action, which was brought to collect monies the plaintiffs claim that defendants owe to Central States multiemployer pension plan. For

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennes- see, sitting by designation.

the following reasons, we AFFIRM the order of the district court.

## I. FACTUAL BACKGROUND

Plaintiff, Central States, is an ERISA multiemployer pension plan and plaintiff, Howard McDougall, is its trustee. (Hereinafter plaintiffs will be referred to alternatively as plaintiffs or "Central States"). The individual defendants, Jeffrey Feldman, Sheldon Feldman, and Benjamin Reiff ("the Individuals") are the former owners of Feldman Brothers Produce Co., Inc. and Joseph Feldman, Inc. ("the Companies"). The Companies were employer participants in the Central States plan. In February 1984, the Individuals sold all of their stock in the Companies to the Jacob Frydman Co. ("Frydman"). Frydman financed part of the purchase of the stock through a loan in the amount of approximately $1.2 million from Defendant, Mahoning National Bank.

By January 1985, the Companies had become insolvent and had stopped contributing to the pension plan. In March 1985, several creditors began involuntary bankruptcy proceedings against the Companies. Central States, who apparently did not know about the bankruptcy proceedings, filed an action against the Feldman Brothers Produce Co., Inc. in the District Court for the Northern District of Ohio to collect delinquent contributions, obtaining a judgment on November 21, 1985. Over the next two years, Central States attempted some discovery aimed toward executing on the judgment. This discovery either did not go forward or was not productive.

On March 14, 1987, Central States sent a "notice and demand for payment of withdrawal liability," to Frydman and the Companies, pursuant to 29 U.S.C. § 1399(b)(1). On December 31, 1987, the district court vacated the delinquent contributions judgment in light of the bankruptcy proceedings. Central States moved to intervene in the bankruptcy proceedings in March 1988, and to lift the stay. On June 27, 1988, the bankruptcy proceeding was dismissed and the stay was lifted.

On July 12, 1988, Central States sent out a second letter to Frydman and the Companies. The letter indicated that the Companies were in default on their obligation to make payment on their withdrawal liability, and gave the Companies 60 days to pay, or "the entire withdrawal liability assessment, in the amount of $493,529.09, would become due." See 29 U.S.C. § 1399(c)(5)(A).

On March 6, 1990, Central States brought an action in the Northern District of Illinois against the Companies and Jacob Frydman Co., for collection of the withdrawal liability under ERISA. Discovery ensued and in January 1991, the ERISA action was dismissed, with leave to reinstate, while settlement discussions were conducted. Settlement negotiations continued for the next two years, and the case was eventually settled by an agreed entry of judgment against the Companies and Frydman on February 10, 1993. Post-judgment discovery took place thereafter.

On January 21, 1994, Central States brought suit against the Individuals and MNB in the Northern District of Illinois. This action alleged causes of action under ERISA's withdrawal liability provisions, and under Illinois common law and federal common law, including fraud on creditors and civil conspiracy. The district court dismissed the case on November 30, 1994. *Central States v. Feldman*, 872 F.Supp. 493 (N.D.Ill. 1994). The court held that the action accrued as of May 13, 1987, sixty days after the March 14, 1987, letter sent by Central States to the Companies putting them on notice of withdrawal liability. *Id.* at 494, 496–97; *see* 29 U.S.C. § 1399(c)(2). Because the ERISA withdrawal liability claim was not brought within six years of that date, the court dismissed it under FED.R.CIV.P. 12(b)(6), as untimely filed under 29 U.S.C. § 1451(f), ERISA's statute of limitations for such claims. The court dismissed all other claims under FED.R.CIV.P. 12(b)(2). *Feldman*, at 494 n. 1 and 498 n. 5.

On July 14, 1995, Central States filed the present action in the Northern District of Ohio. The rambling 39–page complaint alleges that the Individuals' sale of their stock in the Companies and MNB's financing of the

purchase of that stock by Frydman was in fraud of the Companies' creditors under both Ohio and federal common law. Further, the complaint alleges that under both state and federal common law, plaintiffs are entitled to hold the Individuals personally liable for the 1993 judgment obtained by plaintiffs against the Companies. The claims in this action are premised upon exactly the same facts and circumstances as those pled in the action filed in the district court in Illinois. However, this complaint contains no ERISA claims, instead raising solely claims under state and federal common law. The defendants moved to dismiss, raising *inter alia*, preemption, issue and claim preclusion and statutes of limitation. On December 19, 1995, the district court granted the motions, holding that the state law claims were preempted by ERISA, and the federal common law claims were barred by the statute of limitations. Central States timely appealed.

## II. ANALYSIS

■■■ Whether the district court correctly dismissed an action pursuant to Federal Civil Rule 12(b)(6) is a question of law subject to *de novo* review. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995) *cert. denied,* —— U.S. ——, 116 S.Ct. 1041, 134 L.Ed.2d 188 (1996). We must construe the complaint in a light most favorable to the plaintiffs, accept all the factual allegations as true, and affirm the dismissal only if we determine that the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. *Id.*

We will first consider whether plaintiffs' state law claims are preempted by ERISA's wide preemptive sweep. We will then consider the propriety of plaintiffs' bringing claims sounding in federal common law. Because we conclude that plaintiffs' state law claims are preempted and that plaintiffs cannot state any claim under federal common law, we need not consider the statute of limitations arguments or other issues raised by the parties.

## A. Preemption Of State Law

■■■ In a unanimous decision discussing the exclusivity of ERISA remedies and ERISA's preemption of state claims, the United States Supreme Court in *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), noted that the care with which Congress drafted the civil enforcement remedies and the balancing of policies embodied in its choice of remedies "argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." *Id.* at 54, 107 S.Ct. at 1556; *see also Ingersoll–Rand v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

As the Supreme Court has observed, in enacting ERISA, Congress made a careful, well-reasoned decision to limit the involvement of the judicial system in the administration of employee benefit plans. ERISA is a "comprehensive and reticulated statute," *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361–62, 100 S.Ct. 1723, 1726–27, 64 L.Ed.2d 354 (1980), with "deliberately expansive" preemption provisions. *Pilot Life Ins. Co.*, 481 U.S. at 45–46, 107 S.Ct. at 1551–52 (1987); *see also Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1147 (4th Cir.1985), *aff'd*, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986).

In *Cromwell v. Equicor—Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir.1991), the Sixth Circuit set forth the well-settled rule regarding ERISA's broad preemption provisions as follows:

> The United States Supreme Court has held that Congress' intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern ... This circuit, too, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA. (citations omitted).

Plaintiffs attempt to avoid ERISA's preemption by mischaracterizing their claims either as fraud claims or claims for collection of a judgment. Based on these mischarac-

terizations, plaintiffs argue that this case fits within the narrow exception to federal preemption reserved for state law claims which only tenuously, remotely or peripherally relate to ERISA plans. *See Shaw v. Delta Air Lines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The fallacy of plaintiffs' argument is that the claims raised here are not for collection of a judgment nor are they fraud claims. Instead, they are poorly disguised ERISA withdrawal liability claims. *See* 29 U.S.C. § 1399. This action was brought by an ERISA plan; it names as defendants parties against whom the plan has never obtained any judgment; it is driven entirely by the failure of an employer to pay its withdrawal liability to the plan pursuant to specific ERISA provisions; and in each count of the complaint, the plaintiffs seek to recover the amount of the withdrawal liability. This is not an action raising state law claims that only tenuously, remotely or peripherally relate to an ERISA plan. This is an action that has no basis whatsoever but for the ERISA plan, and which seeks to recover for the plan the amount of the ERISA withdrawal liability of the employer. The claims ostensibly brought under state law are therefore preempted by ERISA, and the district court's order granting summary judgment for the defendants as to those claims must be affirmed.

### B. Federal Common Law

■ The creation and use of federal common law by the courts historically has been very limited. The United States Supreme Court has made clear that "federal common law" is an "unusual exercise of lawmaking" which should be indulged only "in a 'few restricted' instances." *Milwaukee v. Illinois*, 451 U.S. 304, 313, 101 S.Ct. 1784, 1790, 68 L.Ed.2d 114 (1981) (quoting *Wheeldin v. Wheeler*, 373 U.S. 647, 651, 83 S.Ct. 1441, 1444–45, 10 L.Ed.2d 605 (1963)). The limited nature of the federal common law has been echoed by the various circuits, including this one.

In *Tassinare v. American National Insurance Co.*, 32 F.3d 220 (6th Cir.1994), employees brought an action against their employer's directors under ERISA. The *Tassinare*

court ruled that the ERISA claim was barred by ERISA's three year statute of limitations contained in 29 U.S.C. § 1113(2). *Id.* at 224. Addressing the plaintiffs' "federal common law" claims, the court stated:

> But the '[f]ederal courts, unlike state courts, are not general common-law courts and do not possess a general power to develop and apply their own rules of decision.' Creation of a cause of action under federal common law is only 'resorted to in absence of an applicable Act of Congress, and because the Court is compelled to consider federal questions which cannot be answered from federal statutes alone.'

*Id.* at 225 (quoting *Milwaukee v. Illinois*, 451 U.S. at 312 and 314, 101 S.Ct. at 1789–90 and 1791). Addressing the facts of the case before it, the *Tassinare* court stated:

> This circuit has not yet formally embraced an ERISA cause of action under federal common law, and even if we had, we do not consider this an appropriate case in which to permit such an action to proceed ... [T]he agents' lack of a remedy does not result from some awkward gap in the statutory scheme, but instead results solely from the agents' delay in seeking relief.

*Id.*

In *Flacche v. Sun Life Assurance Co. of Canada*, 958 F.2d 730, 735 (6th Cir.1992), this court addressed the intermingling of ERISA and federal common law claims. We held that federal common law should be created "only where the federal statute does not expressly address the issue before the court." *Id.* Most recently, in *Muse v. IBM*, 103 F.3d 490 (6th Cir.1996), *petition for cert. filed*, 65 USLW 3666 (March 25, 1997) (No. 96–1520), we addressed a request by plaintiffs that their five common law claims (which had been dismissed by the district court on summary judgment) be reinstated "either as federal ERISA common law claims or as state common law claims." *Id.* at 495. In regard to plaintiffs' contention that even if their state law claims were preempted by ERISA, those claims could be "repackaged and saved" as federal common law claims, we noted, "federal common law is developed under ERISA only in those instances in which ERISA is silent or ambiguous." *Id.* We

concluded that because the previously dismissed claims sought to recover for conduct that fell within the purview of specific provisions of ERISA, those claims could not "be reasserted as separate claims arising under federal common law." *Id.*

These cases make it clear that, at least in the area of ERISA, federal common law is a little like a parasite—it cannot exist in the absence of a statutory host to which to cling. To date, this circuit has been vigilant in confining the federal common law to its symbiotic existence, recognizing that it can neither provide an independent source of rights with regard to employee benefit plans nor substitute for the remedies authorized by the ERISA statute. Rather, we have indicated that if we were to recognize an ERISA cause of action under federal common law, it would be limited to those instances where the statutory host is "silent or ambiguous." *Muse,* 103 F.3d at 495.

As in *Tassinare,* the loss of a remedy under ERISA in the present case is not caused by silence or ambiguity in the statute but rather by plaintiffs' sitting collectively on their hands. ERISA provides precisely for the collection of monies that the plaintiffs seek here, and the ERISA claims were properly dismissed long ago. Those claims cannot now be reasserted as separate claims arising under federal common law. Whatever the boundaries of federal common law, it surely does not provide a new basis for plaintiffs' pursuit of relief that they failed to seek timely under the comprehensive ERISA statutes. Having concluded that these claims may not be brought at all under federal common law, it is unnecessary for us to address the district court's conclusion that they are time-barred.

### III. CONCLUSION

The order of the district court is AFFIRMED.