Edward MACKAY, Plaintiff,

v.

**GRUMMAN ALLIED INDUSTRIES, INC., Defendant.**

No. 4:97–CV–6.

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 3, 1997.

Robert A. Soltis, Ford, Kriekard, Domeny & Byrne PC, Portage, MI, for Plaintiff.

Charles S. Mishkind, Miller, Canfield, Paddock & Stone PLC, Grand Rapids, MI, for Defendant.

## OPINION OF THE COURT

McKEAGUE, District Judge.

Now before the Court is defendant's motion to dismiss plaintiff's state common law claims in count II (fraud in the inducement) and count III (innocent misrepresentation). At issue in this motion is whether the Employee Retirement Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, preempts plaintiff's state common law claims. In count I of his first amended complaint, plaintiff asserts an ERISA claim for wrongful denial of certain pension benefits. In the event that the Court determines that plaintiff is not entitled to the additional pension benefits, plaintiff has pleaded in the alternative fraudulent inducement and innocent misrepresentation claims. Defendant argues that plaintiff's state claims are preempted by ERISA because they relate to the administration and enforcement of the Supplemental Pension Agreement ("SPA") entered into by plaintiff and defendant. Plaintiff argues that his state claims are not preempted primarily because they are based on defendant's conduct prior to plaintiff's participation in the SPA, and because plain-tiff assertedly seeks damages under these claims and not plan benefits. The Court has carefully considered the parties' briefs and, for the reasons that follow, defendant's motion to dismiss counts II and III of plaintiff's complaint will be granted.

## I. FACTUAL BACKGROUND

Plaintiff was employed by Grumman Olson, a division of defendant Grumman Allied Industries, Inc., for over thirty years. In 1991, plaintiff and defendant entered into a Supplemental Pension Agreement ("SPA"). There is no dispute that the SPA is an "employee pension benefit plan" covered by ERISA. Plaintiff asserts that the purpose of the SPA was to provide him with pension benefits at a higher rate than those available to members of the regular Grumman Allied retirement plan. Plaintiff further alleges that various corporate officials made certain representations to him that the SPA would provide him with the higher pension benefit amount, and that he relied on these representations in signing the SPA and continuing his employment with defendant.

In January 1996, plaintiff filed for retirement and pension benefits to be effective March 1, 1996. In April 1996, defendant notified plaintiff that it would pay him pension benefits in the amount of $1,586.18 per month. Because plaintiff felt that he was entitled to a larger amount, he challenged the decision to the Plan administrator, who denied his claim. Plaintiff appealed this decision to the Plan's Administrative Committee, which also denied his claim. Plaintiff alleges that defendant's responses were not timely or procedurally adequate. Plaintiff then filed a one-count ERISA suit against defendant alleging wrongful denial of pension benefits. Plaintiff thereafter amended his complaint to add two state common law claims. Count II of the amended complaint alleges fraud in the inducement and count III alleges innocent misrepresentation.

## II. ANALYSIS

In deciding whether to grant defendant's motion to dismiss counts II and III pursuant to Fed.R.Civ.P. 12(b)(6), the Court must ac-

cept the allegations contained in plaintiff's complaint as true. *See Wright v. Metro-Health Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995), *cert. denied*, 516 U.S. 1158, 116 S.Ct. 1041, 134 L.Ed.2d 188 (1996). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Id.* (quoting *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir.1994)). "In considering a motion under Fed.R.Civ.P. 12(b)(6), it is not the function of the court to weigh the evidence or evaluate the credibility of witnesses, instead, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Id.*

 ERISA preempts state law claims that "relate to" any employee benefit plan. *See* 29 U.S.C. § 1144(a); *Davies, et al. v. Centennial Life Ins., et al.*, 128 F.3d 934, 941 (6th Cir.1997). A law relates to an employee welfare plan if it " 'has a connection with or reference to such a plan.' " *See Davies*, slip. op. at 7–8 (quoting *Shaw v. Delta Air Lines, Inc.* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). These "connection with" and "reference to" prongs are separate and distinct. *See id.* A state law may be preempted " 'even if the law is not specifically designed to affect such plans, or the effect is only indirect.' " *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1401 (6th Cir.1995) (quoting *Ingersoll–Rand v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)). Thus, "only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted." *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir.1991). Finally, "[i]t is not the label placed on a state law claim that determines whether it is preempt-

ed, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Id.*

 The state common law claims at issue here, fraud in the inducement and innocent misrepresentation, do not make reference to ERISA plans.[1] Therefore, the question before the Court is whether plaintiff's state claims have a "connection with" an ERISA plan. The crux of plaintiff's claims is that defendant allegedly made certain misrepresentations to him that he would receive higher pension benefits than he would otherwise obtain through the company's "regular" retirement package, which induced him to sign the SPA. As applied to the facts and circumstances here, the Court finds that the state claims clearly have a connection with an ERISA plan.

Plaintiff relies heavily on *Perry v. P\*I\*E Nationwide, Inc.*, 872 F.2d 157 (6th Cir. 1989), and a case from this district interpreting and applying *Perry* shortly after it was decided, *Hughes v. General Motors Corp.*, 764 F.Supp. 1231 (W.D.Mich.1990). In *Perry*, the court held that the plaintiffs' state claims—which included fraudulent inducement and misrepresentation claims—were not preempted by ERISA. *See Perry*, 872 F.2d at 162. The plaintiffs in *Perry* sought rescission of an employee benefit plan in which they had allegedly been induced to participate through fraud and misrepresentation. *See id.* at 159. In *Hughes*, the court relied on *Perry* to hold that ERISA did not preempt the plaintiff's claims for fraud and misrepresentation. *See Hughes*, 764 F.Supp. at 1236. More recent cases, however, have strictly limited *Perry* to the situation where a plaintiff seeks rescission of an employee benefit plan to put the plaintiff in the position she would have been in but for the misrepresentations leading her to participate in the plan. *See Davies, et al. v. Centennial Life Ins., et al.*, 128 F.3d 934, 943 (6th Cir.1997); *Massachusetts Cas. Ins. Co. v. Reynolds*, 113 F.3d 1450, 1453 (6th Cir.1997); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 943 n.

---

1. The test for whether a state law makes "reference to" ERISA plans is "if the law 'acts immediately and exclusively upon ERISA plans,' or if the existence of an ERISA plan is 'essential to the law's operation.' " *Davies*, slip. op. at 8 (quoting *California Div. of Labor Standards Enforcement v.*

*Dillingham Constr., N.A., Inc.*, —— U.S. ——, ——–——, 117 S.Ct. 832, 837–38, 136 L.Ed.2d 791 (1997)). Both fraud in the inducement and innocent misrepresentation are broad-based common law causes of action that are not limited in scope to ERISA matters.

5 (6th Cir.1995); *Fisher v. Combustion Eng'g*, 976 F.2d 293, 297 (6th Cir.1992); *Kopczynski v. Central States, et al.*, 782 F.Supp. 350, 356–57 (E.D.Mich.1992). *Perry* itself distinguishes its unique facts and circumstances:

> Here, plaintiffs seek a rescission of the plan and restitution of the agreed wage reduction. Neither party has cited any case indicating that § 1132 provides a remedy of the type sought by the plaintiffs. Plaintiffs ... do not seek plan benefits or an increase in plan benefits; rather, they seek not to be bound as participants and thus to recoup their wage reductions. *Perry*, 872 F.2d at 162.

In holding that an insured's claims relating to an agent's alleged misrepresentations made before adoption of an employee benefit plan were preempted by ERISA, the Sixth Circuit recently explained *Perry*'s narrow holding:

> *Perry* did hold, to be sure, that state law claims for recission of an ERISA plan and for restitution based on fraud and misrepresentation occurring before the ERISA plan existed were not preempted, the claims not being for "plan benefits or an increase in plan benefits." The case also implied, however, that a plaintiff's state law claims for benefits under an ERISA plan are preempted by ERISA even though based on wrongful conduct occurring prior to the existence of the ERISA plan. *Massachusetts Cas. Ins., Co. v. Reynolds*, 113 F.3d at 1450, 1454 (6th Cir. 1997) (citations omitted); *see also Davies, et al. v. Centennial Life Ins., et al.*, 128 F.3d 934, 943 (6th Cir.1997)

Thus whether a plaintiff's state claims related to conduct occurring prior to participation in an employee benefit plan are preempted turns on the type of remedy the plaintiff seeks. Here, plaintiff contends that his claims "are for damages in the event that this Court finds that Ed Mackay is not entitled to the ERISA plan benefit." However, in actuality it is precisely the greater pension benefits under the SPA that plaintiff seeks— this is why Count I of his complaint states an ERISA claim under 29 U.S.C. § 1132.[2] In *Davies*, the Sixth Circuit held that the defendants' counterclaim seeking rescission of an ERISA plan based on a state fraud statute was preempted. *See Davies*, 128 F.3d at 943. The Court stated that "the mere fact that the allegedly false statements were made before there was a contract of insurance does not mean that [the state law] has no connection with an ERISA plan." *Id.* at 942. In that case, the court found that the defendants' claim for rescission amounted to no more than an attempt to deny benefits and, as such, was preempted by ERISA. *See id.* Similarly, here, plaintiff seeks benefits he alleges are owing to him under the SPA. Although plaintiff claims that his alleged damages under the state claims are separate and distinct from the plan benefits, it is precisely the additional pension benefit amounts under the SPA that he seeks. Plaintiff's state claims, therefore, have a "connection with" the SPA.

In this respect, it should be noted that merely because a court finds in a particular case that the plaintiff is not entitled to benefits under ERISA, he does not get a "second chance" to obtain the benefits through state causes of action. Indeed, it was precisely to avoid this kind of multiplicity of remedies that Congress included such an expansive preemption clause in ERISA. *See, e.g., Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137–38, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (discussing "deliberately expansive" nature of ERISA preemption clause). In *Zuniga*, the plaintiff sought to recover benefits under an ERISA-governed plan by asserting a state breach of contract claim. *Zuniga*, 52 F.3d at 1397. The court noted that

---

2. In Count II (fraud in the inducement), plaintiff asserts:

> 28. As a direct and proximate result of these misrepresentations, Ed MacKay has suffered injury, specifically, a diminution of income, past present and future, between the amount he has received and may receive in the future and that which he would have been entitled

had the representations been true. Had the representations been true, Ed MacKay would have received a Supplemental Pension without reduction, as calculated under the GC Pension Plan.

Count III (innocent misrepresentation) states the same measure of damages in paragraph 35.

such a remedy was available through § 1132 and that, "[a]lthough the remedy is not available to Zuniga, that does not mean that no remedy exists." *Id.* at 1401.[3] The court further found that ERISA preempted the state claim because it necessarily relied on the existence and interpretation of the employee benefit plans at issue. *See id.* at 1402.

In this case, plaintiff claims that he was harmed by a denial of additional pension benefits he alleges were owed to him under the SPA. He does not seek to be made whole through rescission of the SPA. Rather, he urges the Court to find that the Plan administrators misinterpreted the SPA's allegedly conflicting statements and failed to effectuate the original drafters' intent. Therefore, plaintiff's claims relate to an ERISA plan. Accordingly, defendant's motion to dismiss counts II and III will be granted. An order consistent with this opinion shall issue forthwith.

### JUDGMENT ORDER

In accordance with the Court's opinion of even date,

· **IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's state common law claims (counts II and III) pursuant to Fed.R.Civ.P. 12(b)(6) (docket # 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that counts II and III of plaintiff's complaint are **DISMISSED WITH PREJUDICE** and the Court **AWARDS JUDGMENT** to defendant on counts II and III.

---

**3.** Although *Perry* suggested that a state claim may not be preempted where ERISA does not provide a remedy, the Sixth Circuit has since explicitly rejected the notion that lack of a particular remedy under ERISA necessarily precludes preemption. *See Massachusetts Cas. Ins. Co. v. Reynolds,* 113 F.3d 1450, 1454, n. 2 (6th Cir. 1997); *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 943, n. 5 (6th Cir.1995).