James **SHACKELFORD, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, a/k/a CNA Insurance Companies and Baxter International, Inc., Defendants.**

**No. 99–2769–TU–(D)/V.**

United States District Court,
W.D. Tennessee,
Western Division.

May 12, 2000.

Bruce D. Brooke, Neely Green Fargarson Brooke & Summers, Memphis, TN, for James Shackelford, plaintiff.

Eugene J. Podesta, Jr., William P. Kenworthy, Lori Hackleman Patterson, Baker Donelson Bearman & Caldwell, Memphis, TN, for Continental Casualty Company aka CNA Insurance Companies, defendant.

Jimmy Moore, Circuit Court, 30th Judicial District, Memphis, TN, miscellaneous pro se.

Bernice B. Donald, United States District Judge, Memphis, TN, for miscellaneous pro se.

## ORDER ON MOTION FOR PARTIAL DISMISSAL

DONALD, District Judge.

Plaintiff James Shackelford brought this action against defendants Continental Casualty Company a/k/a CNA Insurance Companies ("CNA") and Baxter International, Inc. ("Baxter") asserting claims for breach of contract; violation of Tenn.Code Ann. § 56–7–105 for bad faith refusal to pay benefits due; violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn.Code Ann. § 47–18–101 *et seq.;* negligent, grossly negligent, reckless, wilful, outrageous, and malicious conduct; estoppel and intentional/negligent misrepresentation; conspiracy and breach of common law fiduciary duty; and violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.,* for denial of benefits and statutory breach of fiduciary duty. Presently before the court is defendants' motion for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. *Standard*

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all factual allegations of the plaintiff are to be believed and the claim must not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his allegations which would entitle him to relief. *See Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). If "matters outside the pleading are [considered] by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b).

### II. *Background*

Baxter hired Shackelford as a cardiovascular sales specialist in February 1994. In February 1996, Shackelford underwent a six-vessel coronary bypass graft surgery. Prior to this, he had surgery performed on his cervical and lumbar spine. In March 1998, Shackelford's treating physician told him that he was totally and permanently disabled and should stop working in the capacity of cardiovascular sales specialist. Shackelford communicated this information to his supervisors, Tom Fogarty and Chris Peele, who represented to him that he would receive short-term and long-term disability benefits under the Baxter Disability Benefit Plan (the "Plan") as a result of his disabled status. In addition, they told Shackelford that he would be retained by Baxter as a consultant.

Under the Plan, Shackelford received short-term disability payments and three months of long-term disability payments. On April 8, 1999, Shackelford received a letter from CNA, the Plan's administrator, advising him that his long-term benefits were being terminated. On August 9, 1999, CNA's director of appeals affirmed the decision to terminate Shackelford's long-term benefits.

Shackelford originally filed this action in the Circuit Court of Tennessee. Defendants removed the action to this court and, shortly thereafter, Shackelford filed an amended complaint. In the amended complaint, he asserts the following state claims: (1) breach of contract for failure to honor the promises to pay benefits due under the Plan and to retain Shackelford as a consultant, (2) violation of Tenn.Code Ann. § 56–7–105 for bad faith refusal to pay benefits due, (3) violation of the TCPA, (4) negligent, grossly negligent, reckless, wilful, outrageous, and malicious conduct, (5) estoppel and intentional/negligent misrepresentation, and (6) conspiracy and breach of common law fiduciary duty. In addition, Shackelford asserts claims under ERISA for denial of benefits and breach of statutory fiduciary duty.

Shackelford seeks multiple forms of relief including declaratory judgment; injunctive relief; actual and compensatory damages under ERISA; compensatory damages for breach of contract, tort and misrepresentation; punitive damages; and attorney fees.

### III. *Analysis*

Defendants seek dismissal under Rule 12(b)(6) on several grounds. First, they argue that Shackelford's state law claims should be dismissed because ERISA expressly preempts such claims. Second, they assert that Shackelford cannot seek injunctive relief and compensatory damages under 29 U.S.C. § 1132(a)(3) based on a claim for breach of fiduciary duty because such relief is precluded by the availability of remedies under § 1132(a)(1)(B). Third, they assert that Shackelford's prayer for punitive damages should be stricken and request for jury trial should be denied because punitive damages and jury trials are not available in ERISA proceedings. The court will address each argument in turn.

### A. *Preemption of State Claims*

■ It is well-settled that ERISA preempts state law claims that "relate to" an ERISA employee benefit plan. *See* 29 U.S.C. § 1144(a); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The phrase "relate to" is interpreted broadly "such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir.1991) (citations omitted). Therefore, only those state laws claims which have a "tenuous, remote, or peripheral" connection to an ERISA plan are not preempted. *Id.* at 1276. The crucial question in determining whether a state law claim is preempted is whether "in essence such a claim is for the recovery of an ERISA plan benefit." *Id.*

■ Defendants contend that the Plan is an ERISA benefit plan and, as such, all of Shackelford's state law claims are preempted by ERISA. In response, Shackelford argues that his state claims are not "related to" the Plan itself and are, thus, not preempted. Instead, he argues that the state claims are based upon Fogarty's and Peele's alleged promises that he would receive long-term disability benefits under the Plan and would be retained by Baxter as a consultant. Thus, Shackelford argues that the state claims do not have more than a tenuous connection to the Plan.

The Sixth Circuit has held that state claims based upon an employer's promise of coverage under an ERISA plan are preempted by ERISA. *See Fisher v. Combustion Engineering, Inc.*, 976 F.2d 293, 296–97 (6th Cir.1992) (holding that plaintiff's state claims based on employer's promise that plaintiff's benefits under an ERISA plan would be calculated using an earlier hiring date than the date actually used were preempted); *Cromwell*, 944 F.2d at 1276 (concluding that state claims based on the employer's assurance of coverage were preempted). Such state law claims "are at the very heart of issues within the scope of ERISA's exclusive regulation and, if allowed, would affect the relationship between plan principals by extending coverage beyond the terms of the plan." *Cromwell*, 944 F.2d at 1276. Accordingly, Shackelford's state law claims based upon Fogarty's and Peele's alleged promise that Shackelford would receive long-term disability benefits under the Plan are preempted by ERISA and, thus, properly dismissed.[1]

---

1. Citing to *Perry v. P\*I\*E Nationwide, Inc.*, Shackelford argues that ERISA preemption should not apply to state law claims for fraud, misrepresentation, and promissory estoppel. 872 F.2d 157 (6th Cir.1989). Shackelford, however, misstates the significance of *Perry*. The state law claims in *Perry* were based upon promises made by the employer in order to induce the employees to participate in an ERISA plan and accept an irrevocable pay cut. *Id.* at 161–62. In asserting these claims, the employees sought rescission of the plan and restitution of wages. *See id.* Although it

With respect to those state claims based on Fogarty's and Peele's alleged promise that Shackelford would be retained by Baxter as a consultant, the court concludes that such claims are not preempted by ERISA. The existence of an oral employment contract between Baxter and Shackelford does not "relate to" the Plan in more than a "tenuous, remote, or peripheral" manner. *Id.; see also Crabbs v. Copperweld Tubing Prods. Co.*, 114 F.3d 85, 89–90 (6th Cir.1997) (breach of employment contract claim was too attenuated to relate to ERISA plan although employee relied on plan to establish a contract). Moreover, the claim does not seek the recovery of the Plan's benefits. *See id.* As such, Shackelford's claims for breach of contract; negligent, grossly negligent, reckless, wilful, outrageous and malicious conduct; estoppel and intentional/negligent misrepresentation; and common law breach of fiduciary duty are not preempted to the extent they are rooted in Fogarty's and Peele's alleged promise to retain Shackelford as a consultant.[2]

## B. *Section 1132(a)(3) Claims*

Defendants's next argument is that Shackelford cannot seek injunctive relief and compensatory damages under 29 U.S.C. § 1132(a)(3) based on a claim for breach of fiduciary duty because Shackelford is able to seek relief under § 1132(a)(1)(B). The court agrees.

Section 1132 authorizes different types of civil actions under ERISA. It provides in pertinent part:

(a) A civil action may be brought—

(1) by a participant or beneficiary—

. . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

29 U.S.C. § 1132(a). A beneficiary, however, is unable to obtain relief under § 1132(a)(3) if he can seek adequate relief under another subsection of § 1132. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir.1998) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)). Thus, where a beneficiary has the ability to bring a lawsuit under § 1132(a)(1) to

---

is true that the court concluded that the plaintiffs claims were not preempted, it based its decision upon the nature of the case and, moreover, the remedies sought. *See id.* Specifically, the court reasoned that, where the state law claims were based upon the fraudulent inducement to participate in an ERISA plan and no remedy existed under ERISA for the wrong asserted, no preemption occurred. *See id.* at 164.

In this case, the promise at issue does not involve an inducement to participate in the Plan. Moreover, the remedy sought by Shackelford is "in essence ... the recovery of an ERISA plan benefit." *Cromwell*, 944 F.2d at 1276. As such, *Perry* does not apply and the state claims based on Fogarty's and Peele's promise regarding the ERISA plan are preempted.

Additionally, Shackelford attempts to categorize the actions of Fogarty and Peele as those of the employer rather than those of the Plan's administrator. In doing so, he appears to argue that no preemption occurs when the state law claim is based upon an employer's promise rather than an administrator's promise. Such a distinction, however, has been rejected by the Sixth Circuit. *See Amato v. Equicor Severance Pay Plan*, No. 95–3824, 1996 WL 536705, at *6 (6th Cir. Sept.20, 1996).

2. From the complaint, it appears that Shackelford's TCPA claim and bad faith claim under Tenn.Code Ann. § 56–7–105 are based on Fogarty's and Peele's alleged promise that Shackelford would receive benefits under the Plan. As such, they are preempted and properly dismissed.

challenge the denial of benefits, he cannot maintain a claim for breach of fiduciary duty under § 1132(a)(3). *See id.*

In his complaint, Shackelford seeks to recover the benefits denied under § 1132(a)(1). As such, he cannot seek additional relief under § 1132(a)(3).[3]

### C. *Punitive Damages and Request for Jury Trial*

 Finally, defendants assert that Shackelford's prayer for punitive damages should be stricken and Shackelford's request for jury trial should be denied based on the Sixth Circuit's determination that punitive damages and jury trials are not available in ERISA proceedings.[4] Defendants' argument is premised upon its earlier contention that all state claims are preempted by ERISA and, thus, properly dismissed. As discussed in section III.A. of this order, the state claims based upon an alleged promise to retain Shackelford as a consultant are not preempted. Thus, to the extent that Shackelford's prayer for punitive damages and request for jury trial are based on ERISA claims, dismissal is granted.[5] *See Varhola v. Doe,* 820 F.2d 809, 817 (6th Cir.1987) (holding that punitive damages are not recoverable under ERISA); *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 883 (6th Cir.1997) (hold-ing that jury trials are not available on ERISA claims for recovery of benefits). However, to the extent they are based on the remaining state claims, dismissal is denied.[6]

### IV. *Conclusion*

For the foregoing reasons, defendants' motion to dismiss Shackelford's state claims is granted in part and denied in part. Additionally, the defendants' motion to dismiss Shackelford's breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) is granted. Finally, defendants' motion to strike Shackelford's prayer for punitive damages and deny Shackelford's request for jury trial is granted to the extent it is based on the ERISA claims, but denied to the extent it is based on the remaining state claims.

---

**3.** Shackelford attempts to avoid this result by differentiating between his § 1132(a)(1)(B) claim for recovery of benefits and his § 1132(a)(3) claim for breach of fiduciary duty. Specifically, he argues that, unlike his § 1132(a)(1)(B) claim, his § 1132(a)(3) claim rests on an inherent conflict of interest in defendants' administration of his medical/hospitalization benefits and his disability benefits. This argument, however, does not alter the conclusion that Shackelford may obtain relief under § 1132(a)(1)(B) and, thus, cannot seek relief under § 1132(a)(3).

**4.** In the alternative, defendants urge the court to decline supplemental jurisdiction over any remaining state claims under 28 U.S.C. § 1367(c) and remand those claims to state court. In urging the court to do this, however, the defendants ignore the fact that the court has jurisdiction over the remaining state claims not only through supplemental jurisdiction based on the presence of the ERISA claim, but also through diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(b).

**5.** Per *Wilkins,* the proper method to adjudicate an ERISA proceeding for denial of benefits is for the court to "conduct a 'de novo' or 'arbitrary and capricious' review based solely upon the administrative record and render findings of fact and conclusions of law accordingly." *Marchetti v. Sun Life Assurance Co.,* 30 F.Supp.2d 1001, 1004 (M.D.Tenn. 1998) (citing *Wilkins,* 150 F.3d at 619).

**6.** The court notes that Shackelford's ERISA claim will be determined under the framework set forth in *Wilkins* whereas the state claims will be determined by a jury.