**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0183n.06
Filed: March 9, 2009

**07-1730**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SIMCHA-YITZCHAK LERNER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ELECTRONIC DATA SYSTEMS | ) | EASTERN DISTRICT OF MICHIGAN |
| CORPORATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: DAUGHTREY, GILMAN, and ALARCÓN,[*] Circuit Judges.

**PER CURIAM.** The plaintiff, Simcha-Yitzchak Lerner, appeals from the district court's dismissal of the claims in his complaint against his former employer, Electronic Data Systems Corporation (EDS). Invoking diversity jurisdiction, Lerner sought damages from the company under Michigan law for an alleged breach of contract, fraudulent misrepresentation, and innocent misrepresentation in the denial of long-term disability benefits. The district judge dismissed all three causes of action, concluding that the attempted recoveries were preempted by the provisions of the Employment Retirement

---

[*]The Hon. Arthur L. Alarcón, Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461.  We agree and, therefore, we affirm the judgment of the district court.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Because this matter was dismissed by the district judge pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted, we accept as true all factual allegations stated in the plaintiff's complaint.  *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  Those allegations were summarized by the district court in its opinion in this case, as follows:

> Plaintiff was hired by Structural Dynamics Research Corp. ("SDRC") in September 1997, and participated in the company's long term disability insurance plan.  Four years later, SDRC was acquired by Defendant EDS, and Defendant Continental Casualty Company (Continental) became the company provider of the long-term disability plan.  Plaintiff continued his long term disability plan while employed by EDS, and claims EDS officials told him he would receive the same benefits for which he was eligible prior to the corporate change.  The same year the corporate structure changed, Plaintiff began experiencing recurring stroke-like episodes and chronic daily headaches caused by a metabolic disorder, which he contends rendered him eligible for disability benefits . . . .  Plaintiff never received disability payments from Defendant Continental, which he claims is a departure from the expected benefits of the plan before the corporate change.

Lerner filed suit against both the insurance company, Continental, and his employer, EDS.  After setting out the facts underlying his claims in Count 1 his complaint, the plaintiff asserted in Count 2 that Continental violated the provisions of ERISA by refusing to pay

him the long-term disability benefits to which he was entitled pursuant to EDS's employee benefit plan. Counts 3, 4, and 5 alleged state-law claims against EDS only, including: breach of contract (Count 3) by failing to provide him with the same benefits under the Continental long-term disability plan that he would have received under earlier plans; fraudulent misrepresentation (Count 4) by informing him that he would not lose the long-term disability coverage that he had previously received from his former employer; and innocent misrepresentation (Count 5) by informing him that his long-term disability benefits would not be affected by his status as an employee of EDS. Importantly, in each of the three counts of the complaint against his employer, the plaintiff stated that "[a]s a direct and proximate result of EDS's [state-law violation], [he had] suffered damages including *the loss of disability insurance benefits (monthly benefit payments, return to work benefits, and rehabilitation benefits).*" (Emphasis added.)

EDS filed a motion to dismiss the three counts against it, arguing that each state-law cause of action was preempted by the explicit provisions of ERISA. The district court agreed, concluding that the claims, although couched in terms of state law, were in essence claims "for recovery of an ERISA plan benefit." The district judge thus dismissed EDS as a defendant, and Lerner voluntarily dismissed the ERISA claim against Continental after settling his claim for long-term benefits. He now appeals the order of dismissal in favor of EDS.

## DISCUSSION

ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). However, as we noted in *Penny/Ohlmann/Nieman, Inc. (PONI) v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005),"[T]he Supreme Court has narrowed the preemptive scope of ERISA, moving away from the broadest meaning of the provision." Instead, the Court now looks "to the objectives of ERISA to guide its preemption decisions." *Id.* at 698. "Thus, ERISA preempts state laws that (1) 'mandate employee benefit structures or their administration:' (2) provide 'alternate enforcement mechanisms;' or (3) 'bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.'" *Id.* ERISA does not, however, preempt "traditional state-based laws of general applicability that do not implicate the relations among the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries." *Id.* (quoting *LeBlanc v. Cahill*, 153 F.3d 134, 147 (4th Cir. 1998)).

Phrased differently, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Id.* (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)). Because "virtually all state law claims *relating to* an employee benefit plan are preempted by ERISA," *Cromwell*, 944 F.2d at 1276 (emphasis added), we must determine whether Lerner's claims against EDS "relate to" the employee benefit plan.

- 4 -

*See Ramsey v. Formica Corp.*, 398 F.3d 421, 424 (6th Cir. 2005). "To do that, we consider the kind of relief that [the plaintiff] seek[s], and its relation to the . . . plan." *Id.*

In this litigation, Lerner consistently argues that his suit against EDS is not based upon Continental's denial of long-term benefits but, rather, upon EDS's failure to ensure that employees' original benefit packages would not be diminished. Consequently, he contends, the mere mention of plan benefits does not necessarily require preemption of the claims because, as recognized in *PONI*, such a reference can be "only a way to articulate specific ascertainable damages." *PONI*, 399 F.3d at 702 (quoting *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 453 (6th Cir. 2003)).

The complaint in *Marks*, for example, sought damages "*equaling* the benefits he would have received under the plan." *Marks*, 342 F.3d at 453 (emphasis added). Thus, "a close reading of Marks's complaint reveals that the reference to plan benefits was only a way to articulate" those damages, *id.*, and the claim was not preempted under ERISA. By contrast, in this case Lerner does not request damages "equaling" the benefits available under the long-term disability policy; instead, he alleges explicitly that the damages he suffered from the defendant's acts "includ[e] the loss of disability insurance benefits (monthly benefit payments, return to work benefits, and rehabilitation benefits)."[**] Lerner has thus chosen to seek payment of the disability insurance benefits themselves, not

---

[**]In Count 2 of his complaint, Lerner uses identical language to describe the damages he suffered from Continental's alleged violation of ERISA protections.

merely damages in an amount equal to those benefits. Consequently, the state-law claims against EDS for breach of contract, fraudulent misrepresentation, and innocent misrepresentation "relate to" an ERISA benefit plan and are preempted by that federal statute.

On appeal, Lerner submits for the first time that he has also raised legitimate ERISA claims against EDS and, therefore, that his complaint against that defendant should not have been dismissed in its entirety. Generally, we do not consider arguments raised for the first time on appeal, absent a plain miscarriage of justice. *See, e.g.*, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). Here, however, the plaintiff maintains that he could not have raised his ERISA claims against EDS more fully at an earlier date because such claims required information that could be obtained only through discovery and he was not permitted to engage in the necessary fact-gathering at the motion-to-dismiss stage of the proceedings.

Even assuming that the plaintiff raised timely ERISA allegations against EDS, those claims must still be found to be without merit due to the imprecision with which they were drafted. The civil enforcement provisions of ERISA are codified in section 1132 of title 29 of the United States Code and, pursuant to subsection (a) of that statute, civil actions may be brought by participants in employee benefit plans only in certain circumscribed situations. In relevant part:

A civil action may be brought —

(1) by a participant or beneficiary —

. . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by . . . a participant [or] beneficiary . . . for [breach of fiduciary duty resulting in losses to the plan itself];

(3) by a participant [or] beneficiary . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. §§ 1132(a) (1)-(3).

Both Lerner and EDS agree that the plaintiff's complaint does not assert a proper claim pursuant to subsection (a)(2) of section 1132 because that provision authorizes only suits brought on behalf of the plan itself. The plaintiff clearly does not allege any harm *to the plan* from EDS's actions but only financial harm to himself.

In Count 2 of Lerner's complaint, he sought recovery of applicable plan benefits from Continental pursuant to subsection (a)(1)(B) of section 1132. The parties subsequently stipulated to the dismissal of that count, however, after coming to an agreement on the benefits to be paid. Nevertheless, Lerner still steadfastly asserts that he can also seek additional damages from EDS for breach of contract and misrepresentation pursuant to subsection (a)(3) of section 1132 -- the catchall provision -- because mere recovery of Continental plan benefits would not make him whole in light of

EDS's assurances, *i.e.,* that he should be able to recover an amount greater than allowed by the agreement with the insurance company. *See, e.g.*, *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 (6th Cir. 2007) (when claim of breach of fiduciary duty under § 1132(a)(3) could not have been characterized as a simple denial-of-benefits claim, the § 1132(a)(3) claim should not be dismissed).

In theory, at least, the plaintiff's claim in this regard is colorable. The wording of Counts 3, 4, and 5 of Lerner's complaint, however, belies his stated intent and precludes the relief that he now seeks. Although *Gore* allows simultaneous claims pursuant to sections 1132(a)(1)(B) and 1132(a)(3) in instances in which the plaintiff requests damages *other than* those associated with a simple denial of benefits, no such differentiated assertions of entitlement to relief were made in Lerner's complaint. In fact, in Count 3, the plaintiff claims simply that "EDS breached the contract *when [Continental] denied [long-term disability] benefits*. (Emphasis added.) Thus, the breach of contract for which Lerner seeks recovery is specified as the denial of disability benefits *by Continental*, not any promised benefit amount over and above that included in the actual policy provisions.

In Count 4, the fraudulent misrepresentation count, the plaintiff asserts, "This representation [that prior coverage amounts would be guaranteed under the new policy] was false since Lerner *was denied [long-term disability] benefits by [Continental]*." (Emphasis added.) Again, therefore, the plaintiff's damages request was framed only by reference to the denial of benefits *by Continental*. Count 5, alleging innocent

misrepresentation, once more ties damages only to the denial of "[long-term disability] benefits by EDS's insurance administrator, *Continental*." (Emphasis added.)

Because none of the dismissed counts specifies damages other than those associated with the denial of benefits by Continental under the disability policy in effect, the special exception illustrated in *Gore* does not come into play in this case. The district court thus properly, if tacitly, concluded that dismissal of those counts seeking damages under state-law causes of action were not, in actuality, ERISA claims allowed under 29 U.S.C. § 1132(a)(3).

## CONCLUSION

Given that the relief sought in this case clearly implicates the relationship among the employee, the employer, and the plan, the district judge correctly determined that Lerner's state-law causes of action were preempted by ERISA. Furthermore, despite Lerner's assertions to the contrary, those claims against EDS are not properly cognizable under the civil enforcement provision of 29 U.S.C. § 1132. We therefore AFFIRM the judgment of the district court dismissing Counts 3, 4, and 5 of Lerner's complaint.